IN THE
UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF OHIO

06 JUL 11 PM 12:30

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | Honorable Sandra Beckwith<br>NO CR-1-02-168 |
| v. | |
| Paul LaLonde<br>Defendant | Supplemental Motion to<br>Withdraw Plea |

Comes now Paul LaLonde, Pro Se, and having received legal material from the outside submits the following in support of his brief to withdraw his plea.

At the urging of his son defendant made notes after each attorney visit(s) and each court appearance. Defendant was told by his son that he thought this was necessary because defendant's physical condition was causing some lapses mentally. After consulting these notes defendant states the following:

At the initial attorney meeting defendant was preparing to go to trial in January 2004. Defendant specifically instructed his counsel not to grant any continuances to prosecutor Brinkman. It was explained to defendant that she was going on a vacation overseas and would be gone in October and November. Defendant reminded counsel that she had 4 years to prepare this case and no continuance was to be granted. Meanwhile, defendant's health continued to decline.

In December, counsel visited defendant and stated "she must be getting soft in her old age but she's offered 30 months as a plea." He presented no paperwork at that time. Defendant flatly rejected the offer and asked if we were ready for trial in January. Counsel said, "I won't lie to you I gave her a continuance." Defendant was devastated. Defendant said he would get back to counsel later. Two days later defendant suffered a mild heart attack.

—1—

defendants family urged him to take the plea despite his protestations of innocence as his cardiology advice was that treatment in the Bureau of Prisons would not be preventative and most likely a long delayed trial and the stress accompanying it could be lethal. Defendant informed Counsel that he would take the plea and in fact requested an Alford plea. He was told this was impossible due to the fact the 3 pts for Acceptance of Responsibility would be lost altering the sentence. The next morning at 3:00 AM defendant was awakened presumably to go to Court. Defendant didn't know why. Six and one-half hours later defendant saw his attorney at the US Courthouse. He had a plea agreement with him which he said promised the 30 months. He said the only calculation left open was Criminal History which he already possessed because the pre-trial department had completed it. In addition, Judge Beckwith is a former "state judge" and she knows how these things work. Just agree to the questions posed. "If you don't understand, ask me." Defendant did precisely that. The record probably doesn't reflect delays but my notes said there were several. When a prosecution witness recited a totally false statement of facts defendant urged his counsel to do something. Counsel said that was "Pro Forma" and not to worry about it. Defendant, however, was so upset by these statements that he sent a corrective statement of facts to the Court, the prosecution and his counsel. Defendant's health continued to decline. A trip to FMC Lexington, as well as FMC Devens followed. In addition, defendant would like to add for the record, (because it is not contained in his medical records sent from FMC Devens) that his surgery was not just for a "simple hernia" as the Court was told, but a strangulated intestine which the surgeon informed Dr. Howard (at the BOP) if she had delayed much longer serious heart damage could have resulted from the condition. After the operation the surgeon asked, "How did you endure this for so long"? Unfortunately lengthy that brings us up

-2-

to date on this fact.

It is defendant's position that not only did he not knowingly enter into this plea but was hoodwinked by prosecutor Brinkman. Secondly, that prosecutor Brinkman knowingly proffered this mendacity with full intention of poisoning the probation department with statements she knew were untrue.

US v Goldberg submits four grounds for which a plea may be withdrawn:

1) Length of time: Defendant immediately corrected the statement of facts which should have preserved his rights. In addition defendant's physical and mental condition did not permit his clear thinking or ar'd to file a formal notice.

2) Grounds present at earlier time: They were and defendant corrected them as he was physically and mentally able.

3) The circumstances underlying the plea entry: This was explained above in detail.

4) Potential prejudice to the government. There is none as they waited four years to bring this indictment. Defendant would also like to point out that if Ms. Brinkman thought she had so much evidence and since she states these offenses were allegedly committed while defendant was on parole then why didn't she seek to have him violated?

US v Goldberg (862 F2d 101, 6th)

A plea must be withdrawn when it is clear from the record that a material element of the plea agreement was not fully disclosed by the USA at the hearing when the plea was accepted. US v Roberts 570 F2d 999   US v Brady 25 Fed 747

Finally in US v Pimentel (232 F3d 1029) "...we are quite troubled by the escalating number of appeals from convictions based on guilty pleas in which the appellant claims he was unfairly surprised by the severity of the sentence. If the government

-3-

were to recommend sentences in their plea bargains pursuant to Fed Crim R 11(c)(1)(B) or (c) defendants plea would be informed and all of these appeals "unnecessary." Amen

Defendant prays the Court to withdraw his plea or to enforce that which was promised.

Paul LaLonde, Pro Se


Certificate of Service

I, Paul LaLonde, Pro Se have caused a true copy of this brief to be submitted to the AUSA at 221 East 4th Street, Suite 400, Cincinnati, Oh. 45202 by the Grant County Detention Center this 1st day of July 2006

Paul LaLonde, Pro Se

-4-